[Cite as *Bowers v. Herron*, 2016-Ohio-766.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
| --- | --- | --- |
|  |  | JUDGES: |
| BRANDY D. BOWERS, et al. | : | Hon. John W. Wise, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiffs-Appellees | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : |  |
| LISA A. HERRON, et al. | : |  |
|  | : |  |
| Defendants-Appellants | : | Case No.  15 CA 34 |
|  | : |  |
| DAVID M. BEST and | : |  |
| SAM N. GHOUBRIAL, M.D. | : |  |
|  | : |  |
| Interested Third Parties | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No. 2013 CV 403


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT ENTRY:         February 26, 2016


APPEARANCES:

For Plaintiffs-Appellees            For Defendants-Appellants

ROBERT S. ROBY                      STEPHEN P. GRIFFIN
CURRY, ROBY & MULVEY CO., LLC       MICHAEL J. KAHLENBERG
30 Northwoods Boulevard             WINKHART, RAMBACHER & GRIFFIN
Suite 300                           825 South Main Street
Columbus, Ohio  43235               North Canton, Ohio  44720

*Wise, P.J.,*

{¶1}    Appellants Sam N. Ghoubrial, M.D. and Attorney David M. Best appeal from the May 19, 2015, decision of the Court of Common Pleas, Fairfield County, awarding $1,525.00 to Defendants for attorney fees.

{¶2}    Appellees did not file a brief in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶3}    The relevant facts as taken from Appellants' brief and the record are as follows:

{¶4}    The underlying civil action was filed on May 3, 2013, by Plaintiffs Brandy Bowers and Bobby Reese against Defendants Lisa A. Herron and Steve Herron for personal injuries sustained in a September 28, 2012, automobile collision.

{¶5}    Appellant, Sam N. Ghoubrial, M.D. was one of Plaintiffs' treating physicians and appeared for a videotaped trial deposition on November 4, 2014. During the deposition, Defendants' Counsel asked nine (9) separate questions regarding Dr. Ghoubrial's medical practice, including whether he is "referred" patients, his billing practices, and the method of transportation Dr. Ghoubrial uses to travel to patient appointments. (Deposition of Sam N. Ghoubrial, M.D. at pgs. 26-38, 50-51, 53, and 56). Dr. Ghoubrial was instructed not to answer these questions by his counsel, David M. Best, Esq. due to the sensitive and confidential nature of the information. (Ghoubrial Depo. pgs. 1-61).

{¶6}    On December 9, 2014, Defendants filed a Motion to Compel Discovery, or Alternatively, Motion to Strike relative to the unanswered questions at Dr. Ghoubrial's trial deposition.

{¶7} Also on December 9, 2014, Defendants filed a Motion for Attorneys' Fees and Costs against Dr. Ghoubrial and Attorney Best related to the Motion to Compel and the nine unanswered questions from the deposition. The Motion for Attorneys' Fees specifically asked the trial court to award fees for all costs incurred in conducting Dr. Ghoubrial's deposition.

{¶8} On December 11, 2014, Defendants' Motions were opposed by Plaintiffs.

{¶9} On December 29, 2014, Dr. Ghoubrial filed a Brief in Opposition to Defendants' Motion for Attorneys' Fees and Costs.

{¶10} On January 12, 2015, after obtaining leave of court, Defendants filed their Reply in Support of the Motions.

{¶11} On January 22, 2015, the trial court entered an Order granting Defendants' Motion to Compel (in part) and granting Defendants' Motion for Attorneys' Fees. In its order, the trial court specifically ordered that Attorney Best compensate: 1) Defendants' reasonable attorneys' fees, costs, and expenses arising from a follow-up deposition of Dr. Ghoubrial upon the nine (9) unanswered questions from the November 4, 2014 Trial Deposition; and, 2) Defendants' reasonable attorneys' fees for time spent preparing the Motion to Compel, Motion for Attorneys' Fees and Costs, and the Reply in Support of the Motions.

{¶12} On February 4, 2015, Dr. Ghoubrial submitted sworn written responses to each of the nine (9) pending questions from the Trial Deposition, answering each in turn.

{¶13} On March 3, 2015, Plaintiffs and Defendants proceeded to trial.

{¶14} On March 4, 2015, the jury rendered a defense verdict. (March 30, 2015 Judgment Entry on Verdict, hereinafter "Final Entry").

**{¶15}** In the Final Entry, the trial court specifically noted that it was issuing a final judgment upon all matters concerning the dispute:

It is therefore **ORDERED, ADJUDGED and DECREED** that final judgment is entered in favor of Defendant on Plaintiff's Complaint. Court costs to Plaintiffs.

This is a **final appealable order** and there is no just cause for delay. (emphasis added).

**{¶16}** Neither Plaintiffs nor Defendants appealed the Final Entry.

**{¶17}** On May 19, 2015, the trial court issued an Order in which it awarded $1,525.00 to Defendants relative to their Motion for Attorneys' Fees.

**{¶18}** Appellants David Best, Esq. and Sam N. Ghoubrial, M.D. now appeal, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶19}** "I. THE TRIAL COURT ERRED BY PROCEEDING WITHOUT JURISDICTION FOLLOWING ITS MAY 19, 2015 FINAL JUDGMENT ENTRY RESOLVING ALL CLAIMS SET FORTH IN THE COMPLAINT.

**{¶20}** "II. THE TRIAL COURT ERRED IN AWARDING ATTORNEYS' FEES TO APPELLEES WHEN IT CONSIDERED EVIDENTIARY MATERIALS NOT REFLECTED IN THE RECORD.

**{¶21}** "III. THE TRIAL COURT ERRED IN AWARDING ATTORNEYS' FEES TO APPELLEES AGAINST APPELLANTS IN FAILING TO CONDUCT A HEARING."

**I.**

{¶22} In their First Assignment of Error, Appellants argue that the trial court did not have jurisdiction to grant attorney fees in this matter. We disagree.

{¶23} Upon review of the record, we find that the trial court ordered that attorney fees be paid in its January 22, 2014, Judgment Entry to reimburse Defendants' reasonable attorneys' fees, costs, and expenses arising from a follow-up deposition of Dr. Ghoubrial upon the nine (9) unanswered questions from the November 4, 2014, trial Deposition; and for Defendants' reasonable attorneys' fees for the time spent preparing the Motion to Compel, Motion for Attorneys' Fees and Costs, and the Reply in Support of the Motions.

{¶24} Although Defendants did not present the trial court with the time records requested until after final judgment in this matter, the court's order was made prior to final judgment in this case. We therefore find that the trial court had jurisdiction when it made the decision to award attorney fees to Defendants.

{¶25} Appellants' First Assignment of Error is overruled.

**II., III.**

{¶26} In their Second and Third Assignments of Error, Appellant argues that the trial court erred in considering evidence not in the record and in not conducting a hearing prior to making an award of attorney fees. We agree.

{¶27} Upon review of the record, we find that on March 10, 2015, pursuant to the trial court's Order of January 22, 2015, counsel for Defendants sent a letter to the trial court which included an itemized list of expenses incurred, listing 8.5 hours spent and $1,525.00 incurred. On May 19, 2015, the trial court filed an Order stating:

The Court received Defendants' affidavit on March 16, 2015. Upon the Court's review of the expenses set forth therein, the Court finds that all such expenses were reasonable and specifically included only those fees, costs and expenses that were permitted by the Court's January 22, 2015 Entry. Therefore, pursuant to Defendants' affidavit and the Court's January 22, 2015 Entry, the Court ORDERS that Attorney David M. Best compensate Defendants $1,525 for fees, costs, and expenses. Attorney David M. Best is to submit payment care of Defendants' counsel Robert S. Roby on or before 30 days of the filing of this Order.

**{¶28}** Civil Rule 37, Failure to make discovery: sanctions, provides in pertinent part:

**(A) Motion for order compelling discovery**

Upon reasonable notice to other parties and all persons affected thereby, a party may move for an order compelling discovery as follows:

\*\*\*

(4) Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

**{¶29}** In the case *sub judice*, the trial court did not provide an opportunity for hearing in this matter prior to its award of attorney fees. This Court further takes issue with the trial court's treatment of the document provided to it from Atty. Roby as an "affidavit" when same is nothing more than an itemized list of time and expenses.

**{¶30}** Based on the foregoing, the trial court's award of attorney fees and costs is reversed, and this matter is remanded for an evidentiary hearing on the reasonableness of the award.

**{¶31}** For the forgoing reasons, the judgment of the Fairfield County Court of Common Pleas is reversed and remanded for further proceedings consistent with the law and this opinion.

By: Wise, P.J.,

Delaney, J., and

Baldwin, J., concur.

JWW/d 0217